# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> T.F.H. PUBLICATIONS, INC., <br><br> Defendant. | Civil Action No. <br><br> JURY TRIAL DEMANDED <br><br> **Filed Electronically** |

## COMPLAINT

Plaintiffs for their Complaint herein, allege that:

### The Parties

1.  Relator FLFMC brings this action in the name of the United States and its own name (collectively "Plaintiffs"), pursuant to 35 U.S.C. § 292(b). Plaintiff FLFMC is a Pennsylvania LLC with its principal place of business in Pennsylvania.

2.  Defendant T.F.H. Productions Inc. is a Delaware Corporation with its principal place of business at 1 T.F.H Plaza, Third Avenue and Union Street, Neptune City, New Jersey 07753.

### Jurisdiction and Venue

3.  This case is a civil action for, *inter alia*, false marking in violation of 35 U.S.C. § 292(a). This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1355(a), and 1338(a) and (b), as this action involves substantial claims arising under the patent laws of the United States.

4. Venue for this action is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a) because the asserted claims arose in this District and, on information and belief, Defendant, at all times material hereto, has done business in this District.

5. This court has personal jurisdiction over this Defendant, because, upon information and belief, Defendant has sold its falsely marked products in Pennsylvania and in this District and/or in the stream of commerce with knowledge that they would be sold in Pennsylvania and in this District. Upon information and belief, such sales in Pennsylvania and in this District of Defendant's products are substantial, continuous and systematic.

## Background

6. United States Patent No. 4,919,083 ("the '083 patent") was filed on July 11, 1988, issued on April 24, 1990.

7. The '083 patent was owned by T.F.H. Publications, Inc.

8. Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the '083 patent expired on July 11, 2008.

9. United States Patent No. D310,691 ("the '691 patent") was filed on December 22, 1987 and issued on September 18, 1990.

10. The '691 patent was assigned to T.F.H. Publications, Inc.

11. Pursuant to the provisions of 35 U.S.C. § 154 then in effect, the '691patent expired on September 18, 2004.

12. Defendant, or its agents, manufacture, sell, offer to sell, and/or advertise the product referred to as the Frisbee® Flying Disc.

13. The Frisbee® Flying Disc is marked with the '691 patent.

14. Some versions of the Frisbee® Flying Disc are further marked with the '083 patent.

### First Cause of Action
### (False Marking)

15. Plaintiffs repeat and re-allege paragraphs 1-14 as if set forth fully herein.

16. After July 11, 2008, Defendant T.F.H. Publications Inc. or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Frisbee® Flying Disc, phrases referring to the '083 patent, implying that the item was patented.

17. Defendant its agents did so for the purpose of deceiving the public.

### Second Cause of Action
### (False Marking)

18. Plaintiffs repeat and re-allege paragraphs 1-17 as if set forth fully herein.

19. After September 18, 2004, Defendant T.F.H. Publications Inc. or its agents marked upon, affixed to, or used in advertising in connection with items, including at least the Frisbee® Flying Disc, phrases referring to the '691 patent, implying that the item was patented.

20. Defendant or its agents did so for the purpose of deceiving the public.

### Prayer for Relief

WHEREFORE, Plaintiffs pray that:

A. This Court find that Defendant has violated 35 U.S.C. § 292(a);

B. This Court assess a fine in accordance with 35 U.S.C. § 292;

C.   This Court declare this case to be an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their reasonable costs and attorneys' fees, together with interest, including pre-judgment interest, thereon; and

D.   This Court grant Plaintiffs such further and other relief (including attorney's fees) to which they may be entitled.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues to which it is entitled.

Respectfully submitted,

*s/David G. Oberdick*
David G. Oberdick, Esquire
Pa. I.D. No. 47648
Email: dgo@muslaw.com

Tony J. Thompson, Esquire
Pa. I.D. No. 204609
Email: tjt@muslaw.com

Meyer, Unkovic & Scott LLP
535 Smithfield Street
Suite 1300
Pittsburgh, PA  15222
(412) 456-2800

**Attorneys for Plaintiffs**

Dated:  April 1, 2010