IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., and FLFMC, LLC.<br><br>Plaintiffs,<br><br>v.<br><br>T.F.H. PUBLICATIONS, INC.<br><br>Defendant. | Civil Action No. 10-cv-00437<br><br><br>**Filed Electronically** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, TO DISMISS**

**I.     INTRODUCTION**

This is a cause of action for T.F.H. Publications, Inc.'s ("Defendant" or "T.F.H.") false marking of a product referred to as the Frisbee® Flying Disc in violation of 35 U.S.C. § 292 (2006), a *qui tam* statute. This matter is now before the Court on T.F.H.'s Motion to Transfer ("Motion") to the District of New Jersey, or, in the alternative, to Dismiss this case for lack of Article III standing pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) or for inadequate pleading under FRCP 12, 8 and 9(b). In support of its Motion to Transfer, Defendant asserts that all relevant witnesses and documents are located in New Jersey. In support of dismissal, Defendant asserts that Plaintiff FLFMC, LLC ("FLFMC) lacks Article III standing, that Plaintiffs have not pled sufficient injury to the United States, and that Plaintiffs did not plead intent to deceive with requisite particularity. However, in United States ex rel. FLFMC, LLC, ex rel. v. Ace Hardware Corporation, this Court denied an analogous motion to dismiss in which the defendant there raised many of the same issues

presented by the Defendant in the present Motion. (2010 U.S. Dist. LEXIS 45453) (W.D. Pa. May 7, 2010). For the reasons that follow below, Defendant's arguments in support of its Motion are unsupported by the facts or the law, and all aspects of its Motion should be denied.

First, the portions of 35 U.S.C. § 292 which are alleged to have been violated in this case are plainly intended to protect against injury to the United States and its public.[1] Moreover, the alleged violation of the false marking itself constitutes a sufficient injury to the United States to give it standing. Plaintiffs have alleged that Defendant violated § 292 by marking and/or advertising its Frisbee® Flying Disc with an expired patent with the intent to deceive the public. Complaint, ¶¶ 9, 12 and 13. Such injury having been pled, FLFMC now invokes the standing of the United States as the assignee of its claims against T.F.H.

Alternatively, Defendant moves for the dismissal of this case pursuant to FRCP 12(b)(6), on the basis that Plaintiffs have allegedly failed to state a claim for which relief can be granted, and FRCP 9(b) and 8, for failing to plead the intent to deceive with requisite particularity. Plaintiffs alleged Defendant marked the Frisbee® Flying Disc with the intent to deceive the public and specifically identified the applicable patent and product in question. Complaint, ¶ 7, 9 and 13. Moreover, this Court in <u>FLFMC v. Ace</u> held that allegations similar to those made against the Defendant in this case were sufficient to satisfy the pleading requirement of FRCP 8 (and thus, implicitly accepting Plaintiffs argument that

---

[1] Plaintiff FLFMC notes Defendant's attempt to impugn FLFMC's motives, contrary to the expressed purpose of the false marking statute, as described by the Federal Circuit in <u>Forest Group, Inc. v. Bon Tool Co.</u>, 590 F.3d 1295, 1303 (Fed. Cir. 2009) ("By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.").

FRCP 9 does not apply). Id. at 8. As explained more fully below, Plaintiffs have stated a claim for which relief can be granted and Defendant's Motion must be dismissed.

## II. ARGUMENT

### A. Motion To Transfer

#### 1. Transfer Under 28 U.S.C. § 1404 Is Improper

Defendant has not met the substantial burden the Third Circuit has placed upon them for establishing the need for transfer. See In re United States, 273 F.3d 380, 388 (3d Cir. 2001) ("the burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer.") quoting Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness' ... A motion to transfer under Section 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Moreover, in United States ex rel. FLFMC, LLC v. Ace Hardware Corp., this Court determined that transfer of a similar *qui tam* action by FLFMC was not appropriate and denied a similar motion for transfer in that case. 2010 U.S. Dist. LEXIS 45453, at *3 (W.D. Pa. May 7, 2010) (J. Schwab) ("(defendant) has not offered any good reasons to counter the usual judicial

deference to a plaintiff's choice of forum."). Because none of the relevant factors[2] strongly favor the District of New Jersey over this Court as the proper forum, Defendant's motion to transfer must be denied.

### 2. The Relevant Private Factors Weigh Against Transfer

#### a. The parties' choice of forum

Defendant argues that Plaintiffs' choice of forum should be given little deference in this case given the *qui tam* relator status of FLFMC. Plaintiffs' choice of venue, however, should not be lightly disturbed. Jumara, 55 F.3d at 879. This is especially true when, as here, Relator's choice is its home forum. See Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd., 2009 U.S. Dist. LEXIS 85976 (W.D. Pa. Sept. 21, 2009).

Defendant's suggestion that Relator's choice of forum should be afforded little deference in this case because of its qui tam relator status, is directly at odds with the Federal Circuit's interpretation of § 292. In Forest Group, Inc. v. Bon Tool Co., the Federal Circuit, in reference to individuals who create entities to bring qui tam actions in false marking cases, unequivocally stated that, "(r)ather than discourage such activities, the false marking statute explicitly permits qui tam actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking." 590 F.3d 1295, 1304-05 (Fed. Cir. 2009). More recently, and as previously noted, in United States ex rel. FLFMC, LLC v. Ace

---

[2] The Third Circuit has enumerated several public and private factors for district courts to consider when determining whether to grant a motion for a transfer of venue. The private interests include: (1) plaintiff's choice of forum; (2) defendant's choice of forum; (3) where the claim arose; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses-- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) "the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." The public interests include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (6) judicial familiarity "with the applicable state law in diversity cases." While examining these factors, courts must be mindful that the plaintiff's choice of forum deserves great weight. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

Hardware Corp., 2010 U.S. Dist. LEXIS 45453 (W.D. Pa. May 7, 2010) (J. Schwab), this Court rejected a similar argument and gave deference to FLFMC's choice of forum, notwithstanding its *qui tam* status. Accordingly, Plaintiffs', and more specifically Relator's, choice of forum should be afforded deference.

Additionally, Defendant's reliance on Penizotto v. Bates East Corp., 1996 WL 417172 (E.D. Pa. 1996) is misplaced. In Penizotto, the United States intervened in a False Claims Act action brought by a *qui tam* relator and itself requested transfer to another district. Under those conditions, the court in that case granted the Government's motion to transfer. Id. at *2. In the instant case, the United States has not intervened, and as the Western District of Pennsylvania is Plaintiffs' forum choice, that choice should be "the paramount consideration in a transfer request." Shutte v. Armco Steel Corp., 431 F.2d at 25; See also Quezada v. Darden Restaurants, Inc., 139 F. Supp. 2d 666, 667 (W.D. Pa. 2001) (The district court "should not grant a motion to transfer unless the moving party can demonstrate that the balance of interests **strongly favors** a change in venue.") (emphasis added).[3] Defendant has expressed a preference for the District of New Jersey. However, such preference alone does not justify a transfer. Instead, Defendant's preference must be balanced with the preference of the Relator. With such balancing, this factor weighs in favor of Relator as "it not only brought suit in this district, but it also resides here." Carnegie Mellon Univ., 2009 U.S. Dist. LEXIS 85976, at *6. Moreover, "(d)efendant's preference is entitled to considerably less weight than (p)laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005) (citing Superior

---

[3] Defendant emphasizes a court decision that stated, "because the United States is the real plaintiff in a *qui tam* action, the relator's choice of forum is entitled to relatively little weight." United States ex rel. La Valley v. First Nat'l Bank, 625 F. Supp. 591, 594 (D.N.H. 1985). FLFMC notes that LaValley is non-binding precedent within the Third Circuit. Further, this Court, in Ace, held otherwise.

Precast, Inc. v. Safeco Ins. Co. of America, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999) (noting that if the factors presented by both parties are in equipoise, transfer is not appropriate)). Accordingly, Defendant has failed to establish a substantial need to transfer under this factor.

### b.   Where the claim arose

Defendant appears to argue that transfer is appropriate under this factor because the marking, production and packing of the Frisbee® Flying Discs took place in New Jersey. Defendant's Memorandum, at 9. Under Section 292, however, liability is imposed for separately "mark(ing) upon," "affix(ing) to," as well as for "us(ing)" the patent in advertising. Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 2010 U.S. Dist. LEXIS 36127 (S.D. Cal. Apr. 13, 2010) (distinguishing defendant's use of the patent in advertising as a violation of Section 292.) See also, 35 U.S.C. § 292(a) ("Whoever **marks upon, or affixes to, or uses in advertising** in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public...shall be fined not more than $500 for every such offense.") (emphasis added). In this case, Plaintiffs have alleged that Defendant has advertised and sold the Frisbee® Flying Disc in this district. Complaint ¶¶ 16, 19. FLFMC has purchased the product within this District. In light of the foregoing, all the facts giving rise to Plaintiffs' lawsuit have not occurred exclusively within the State of New Jersey. Accordingly, Defendant has failed to establish a substantial need to transfer under this factor.

### c.   The convenience of the parties

Defendant argues that because the physical location of its officers, witnesses, evidence and other documents is located outside of this District, this factor weighs in favor of a transfer. The Third Circuit, however, has instructed that the proper inquiry is the convenience of the parties "as indicated by their relative physical and **financial condition**." Jumara, 55 F.3d at 879

(emphasis added). With respect to the parties' relative physical locations, there is no dispute that each party would doubtless find it more convenient to litigate in its home district. However, Defendant has not alleged that it is incapable of producing the relevant evidence and witnesses within this District. Moreover, it is likely that most of the relevant evidence can and will be produced electronically. Accordingly, the physical location of the parties is a neutral factor.

As concerning the parties' relative financial conditions, Defendant has not proffered any argument regarding its financial ability, or inability, to litigate in this District. Defendant does, however, refer to itself as a "successful company." Defendant's Memorandum at 1.
Relator, on the other hand, is a newly formed Pennsylvania limited liability company of modest means. As such, this factor should weigh in Plaintiffs' favor. See Carnegie Mellon Univ., at *10 (finding this factor favored the not-for-profit educational institution when compared to the publicly-traded defendants with global operations.); Shreiber v. Eli Lily & Co., No. 05-CV-2616, 2006 U.S. Dist. LEXIS 13477 at *32-33 (E.D. Pa. March 27, 2006) (favoring a small local business over the multi-billion dollar corporation with interests and activities spanning the globe); United States ex rel. FLFMC, LLC v. Ace Hardware Corp., 2010 U.S. Dist. LEXIS 45453, *2 (W.D. Pa. May 7, 2010) (J. Schwab) (considering comparison of private interest factors between a large corporation and FLFMC to be a "wash").

### d. Convenience of witnesses and location of books and records

Defendant argues that transfer is appropriate because the majority of witness will be located in the areas surrounding Neptune, New Jersey. Defendant argues that Judge Schwab's denial of a similar motion to transfer in FLFMC, LLC v. Ace Hardware Corp. is inapplicable to the current action, because in that case Ace argued inconvenience to a non-party. On the contrary, Ace presented as much, if not more facts and argument regarding the alleged

inconvenience proceeding in this district would cause to its witnesses. <u>See</u>, Ace's Memorandum In Support of its Motion to Transfer Pursuant to 28 U.S.C. § 1404 attached hereto as Exhibit "A" (arguing, *inter alia*, "the only party to whom convenience is even an issue is defendant Ace - the only party likely to respond to discovery, produce documents, provide depositions, and the only party whose personnel will testify at trial.") (Ex. A. at 9).

Because of the Third Circuit's presumption that party witnesses will appear, Judge Schwab of this Court properly confined the Court's analysis to the convenience of the non-party witnesses, and "only to the extent that the witnesses **may actually be unavailable for trial** in one of the fora." <u>Carnegie Mellon Univ.</u>, *supra* at *5) quoting <u>Jumara</u>, 55 F.3d at 879 (emphasis added). Defendant, however, has not alleged any potential inconvenience to non-party witnesses or that potential a non-party witness would be unavailable for trial in this forum. Thus, Defendant's arguments are of little significance. Moreover, Defendant has not alleged that there is such a significant volume of documents that they would be encumbered by litigation in this District. Accordingly, Defendant has failed to establish a substantial need to transfer to the District of New Jersey and its motion to transfer should be denied.

### 3. The Relevant Public Interest Factors Favor Against Transfer

Because the dispute between the parties arises under Federal law, the following public interest factors are not applicable to this case: the enforceability of the judgment, public policies of the fora, and familiarity of the trial judge with the applicable state law. See <u>Samsung SDI Co. v. Matsushita Elec. Indus. Co.</u>, 524 F. Supp. 2d 628, 633 (W.D. Pa. 2006). As discussed below, the remaining factors do not support Defendant's Motion.

### a. Practical considerations

Defendant does not argue any practical considerations that favor transfer to the District of New Jersey other than the possibility of an inspection of the marking process of its product.[4] Aside from this factor, Defendant merely argues convenience to its officers and employees. As previously noted, however, the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. & Dev. Co., 379 F. Supp. 2d at 730 (citing, Superior Precast, Inc. v. Safeco Ins. Co. of Amer., 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999) (noting that if the factors presented by both parties are in equipoise, transfer is not appropriate)). Accordingly, this factor does not support the transfer of this Action.

### b. Court congestion

Defendant does not raise any arguments regarding this factor. Accordingly, this factor does not favor transfer of this action.

### c. Local interest in deciding local controversies

Defendant does not raise any arguments regarding this factor. Accordingly, this factor does not favor transfer of this action.

Considering the applicable private and public factors, it is apparent that Defendant has failed to establish said factors strongly favor a move to the District of New Jersey. Moreover, this District recently adopted Local Patent Rules, which, although not directly applicable to this case, show a commitment toward resolution of patent-related, and other intellectual property

---

[4] The likelihood of such an inspection is so small as to warrant no deference. The claim at issue is for falsely marked products currently offered for sale. If Defendant has changed its marking process subsequent to being served with a complaint, then the only necessary information is the date on which the process was altered, and the number of products currently for sale marked with the expired patent number. Any inspection of the process would be of extremely little evidentiary value.

disputes. Transfer of this action could impact this Court's role in and review of other patent-related litigation. Thus, Defendant's Motion to Transfer should be denied.

**B.      Plaintiff FLFMC Satisfies All Requirements For Article III Standing**

      **1.      <u>It Is Well-Settled That Qui Tam Plaintiffs Have Article III Standing</u>**

Defendant argues that because Plaintiff FLFMC has not suffered an injury, it lacks Article III standing to bring this suit. Under *qui tam* statutes, however, the relator need not show an injury to itself before bringing suit. In <u>Vermont Agency of Natural Resources v. U.S. ex rel. Stevens</u>, 529 U.S. 765 (2000), the Supreme Court made clear that Plaintiff FLFMC has standing to pursue this action. After properly identifying § 292 as a *qui tam* statute, <u>see</u> 529 U.S. at 769, the Court went on to address the standing requirements under such *qui tam* statutes. The Court concluded that the plaintiff in the action, the *qui tam* relator, need not demonstrate a direct injury to himself to proceed with the action. Instead, the United States' injury suffices to confer standing. <u>Id</u>. at 772-778. Such injury may take the form of "injury to [the United States'] sovereignty arising from violation of its laws and the proprietary injury resulting from the alleged fraud." <u>Id</u>. at 765. A *qui tam* statute effects a "partial assignment" from the government to the *qui tam* relator, which thereby confers standing upon the relator to file suit. <u>Id</u>. at 773.

Although the Court's holding was limited to *qui tam* relator plaintiffs under the Federal Claims Act, numerous courts have held that *qui tam* plaintiffs bringing a § 292 claim also have Article III standing. <u>See e.g.</u>, <u>Juniper Networks v. Shipley</u>, 2010 U.S. Dist. LEXIS 24889, *17 (N.D. Ca. March 16, 2010), quoting <u>Vermont</u>, at 773-74 (Analyzing a motion to dismiss in false marking case and noting "in *qui tam* actions, the injury need not be suffered by the relator; injury in fact to the United States is sufficient."); <u>Pequignot v.

Solo Cup Co., 640 F. Supp. 2d 714, 717 (E.D. Va. 2009) ("First, at least facially, by allowing 'any person' to sue for false marking, § 292(b) confers standing on anyone to sue, regardless of whether he or she has been personally affected by the false marking...")

Moreover, there is a breadth of authority, pre-dating Vermont, holding that a *qui tam* § 292 plaintiff has Article III standing. See, e.g., Patents: False-Marking Litigation, 26 Fed. Proc. L. Ed. § 60:1239 ("Any person may sue for the penalty provided by the false-marking statute, and a party need not have suffered any special or private injury from the act alleged as constituting a violation of the act in order to sue to recover the penalty."); Am. Jur. 2d, Patents, § 1087 (same); Fear v. Horner Sales Corp., 10 F.R.D. 25, 27 (W.D. Pa. 1950) (plaintiff "brings [the false-marking action] as informer and need not show that he has been injured by the acts of the defendant"); Calderwood v. Mansfield, 71 F. Supp. 480, 481 (D. C. Cal. 1947) ("[I]njury to private interest is not pertinent."); Pentlarge v. Kirby, 19 F. 501, 503 (D.C.N.Y. 1884) ("One half of any recovery in such suits may go to whomsoever it may please to sue, though the plaintiff have no special interest in the subject, and may not have sustained any actual injury. It is an action *qui tam* for the use of the informed and the government.").

Clearly, the Supreme Court's decision in Vermont Agency, and its progeny, is dispositive. By its express terms, § 292 effects an assignment of the United States' claims to the *qui tam* plaintiff, and thus Plaintiffs must only demonstrate that the United States suffered a constitutionally cognizable injury. As described below, Defendant's violation of § 292 plainly constitutes an injury in fact to the United States, and thus FLFMC has standing to pursue this action.

## 2. The United States Has Suffered Injury In Fact

In a conclusory fashion, Defendant contends that without an allegation of injury in fact, Plaintiffs fail to establish an interest of the United States that is assignable to a *qui tam* plaintiff. To the contrary, "[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing." Warth v. Seldin, 422 U.S. 490, 500 (1975); Vermont Agency, 529 U.S. at 773. In determining whether there is injury in fact, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] 'presume[s] that general allegations embrace those specific facts that are necessary to support the claims.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

In its motion to dismiss, Defendant places great weight on the decision rendered by the Southern District of New York in Stauffer v. Brooks Brothers, 615 F. Supp. 2d 248 (S.D.N.Y. 2009). Reliance on that extra-jurisdictional decision is misplaced; in the year since that decision was rendered, no other court has employed that court's reasoning, which expressly conflicts with Federal Circuit and Supreme Court precedent, to dismiss a false marking claim. Insisting that a *qui tam* relator plaintiff must establish an injury in fact to the United States - beyond the clearly recognized injury in fact resulting from Defendant's violation of the statute - is contrary to the Federal Circuit's recent decision interpreting the statute and the types of injury it was intended to prevent. See Bon Tool, 590 F.3d at 1302-303 (identifying false markings causing injury by, *inter alia*, deterring innovation and stifling competition; dissuading potential competitors from entering the market; deterring scientific research; and causing unnecessary investment in design around costs incurred to analyze the validity or enforceability of a patent and stating that "**these injuries occur each time an article is falsely marked.**") (emphasis added). Notably, none of

the above injuries are couched as an injury to the United States. Rather, they are descriptions of injuries sustained by members of the public. Thus, if the Federal Circuit has interpreted Congress' intent in enacting the statute to prevent injuries to the public, and the statute itself permits "any person" to bring such an action, arguably, a violation of the statute itself is the only injury in fact that a *qui tam* plaintiff should need to allege.

In addition to the Federal Circuit's interpretation of the false marking statute, as the Court in Vermont Agency observed, the injury to the United States' sovereignty arising from the violation of its laws unquestionably gives rise to an Article III injury to the Government, and thus standing for suit under *qui tam* statutes in general. 529 U.S. at 771. Plaintiffs have alleged sufficient facts to demonstrate that the Defendant violated § 292 and further have requested a declaration of said violation within their prayer for relief. See Complaint, *passim*. Presuming Plaintiffs' pleadings are true as this Court is required to do, and recognizing violations of the laws of the United States, themselves, as being an injury to the United States, Plaintiffs have sufficiently alleged that the United States has suffered injury in fact for the purposes of Article III standing. Such injury having been pled, Plaintiff FLFMC now invokes the standing of the United States as the assignee of its claims against Defendant. Such assignment is evident from the plain language of § 292(b) which provides, "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

In this case, the injury to Plaintiff United States is obvious on the face of the complaint: Defendant has marked its products with an expired patent number, giving the impression that its product is protected by the government-backed monopoly of a patent. Defendant, however, does not have an enforceable patent, and thus, is in violation of 35 U.S.C. § 292. Accordingly,

Plaintiff FLFMC has standing to bring this *qui tam* suit, and Defendant's Motion to Dismiss and for lack of standing should be denied.

## C.     The Court Should Not Stay The Proceedings

Defendant asks that this Court grant a stay pending the outcome of Stauffer, currently pending in the Federal Circuit. In doing so, Defendant cites a decision from the Northern District of California, where a motion to stay was granted on this ground. San Francisco Tech., Inc. v. Adobe Sys. Inc., 2010 WL 1463571 (N.D. Cal. Apr. 13, 2010). Two strong factors warrant denying a motion to stay: significant delay and unlikelihood of success.

Staying a case is an extraordinary measure. Dawson v. Dodd, 1999 U.S. Dist. LEXIS 9181, at *4 (E.D. Pa. June 17, 1999) (citing United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994). In determining whether to grant a motion to stay, courts should consider:

> (1) the length of the requested stay; (2) the "hardship or inequity" that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy. See Landis v. North American Co., 299 U.S. 248, 254-255 (1936); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004) (citing Landis, 299 U.S. at 254-55). **Stays of indefinite duration are especially discouraged** and, because they put the parties "effectively out of court," Moses H. Cone Mem'l Hosp., 460 U.S. at 1, any order granting such a stay is appealable. See Dover v. Diguglielmo, 181 F. App'x 234, 237 (3d Cir. 2006) (noting that a stay of indefinite duration "can itself constitute an abuse of discretion"); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135 (3d Cir. 2004); Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that Landis approved stays of moderate length, and not those of indefinite duration . . . ."); Gold et al. v. Johns-Manville Sales Corp. et al., 723 F.2d 1068, 1075 (3d Cir. 1983) (declining petitioners' request for a stay of indefinite duration).

Structural Group, Inc. v. Liberty Mut. Ins. Co., 2008 U.S. Dist. LEXIS 82266, *13-14 (M.D. Pa. October 16, 2008) (emphasis added). In this case, Defendant cannot provide the Court with a

definite duration of the requested stay. Oral argument before the Federal Circuit in Stauffer is scheduled for August 3. In the most recent high-profile false marking case, Pequignot v. Solo Cup Co., 2010 U.S. App. LEXIS 11820 (Fed. Cir. June 10, 2010), two months passed between oral argument and a decision. Assuming a similar timeline, a decision in Stauffer may not be rendered until October, or even later. Further, given the constitutional issues involved in Stauffer, the defeated party is likely to seek *certiorari*, further delaying proceedings here. As outlined above, stays of indefinite duration are especially discouraged.

Another consideration is the remote possibility that the Federal Circuit will affirm the District Court's ruling in Stauffer. Considering the Federal Circuit's rulings in Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347 (Fed. Cir. 2005), Bon Tool, and Pequignot, it is unlikely that the Federal Circuit will reverse its established track and find that false marking plaintiffs do not have standing. Additionally, assuming, as above, that the losing party in Stauffer will petition for *certiorari*, it is almost beyond the realm of possibility that the Supreme Court will entertain argument for an issue it decided in Vermont Agency.

On a motion to stay, the burden is on the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward..." Haas v. Burlington County, 2009 U.S. Dist. LEXIS 110173, at *2 (D.N.J. Nov. 24, 2009) (quoting Landis, 299 U.S. at 255). The moving party "must state a clear countervailing interest to abridge a party's right to litigate." CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004).

Defendant has failed to demonstrate how proceeding with this case will cause it any hardship or inequity, thus its request should be denied. See Dean v. City of Coatesville, 2010 U.S. Dist. LEXIS 24773, at *6-7 (E.D. Pa. March 17, 2010) (denying motion to stay where movant did not allege any hardship); Wallace v. Powell, 2010 U.S. Dist. LEXIS 2454, at *22

(M.D. Pa. January 12, 2010) (denying motion to stay and emphasizing "any delay in the pleadings stage of this litigation could further delay the overall litigation to the detriment of the Plaintiffs.")

Indeed, by way of comparison, Judge Schwab, in denying a similar Motion to Dismiss the <u>Ace</u> case in this District, found it beneficial for standing and other issues to be developed through pleadings and discovery. Finally, notwithstanding the foregoing, to the extent this Court considers <u>San Francisco Technology, Inc. v. Adobe Systems Inc.</u>, which is non-binding on this Court, Plaintiffs refer the Court to <u>Hy Cite Corp. v. Regal Ware, Inc.</u> as the more appropriate method by which to analyze the current Motion. 2010 U.S. Dist. LEXIS 49243, *4 - *5 (W.D. Wis. May 1, 2010) (characterizing defendant's projection that the Federal Circuit will likely issue a decision in Stauffer before the end of 2010 as a "vague prediction" and stating such prediction is "far from a comforting projection for plaintiff; nor is it sufficient for this court. Instead, it creates an indefinite time period for the stay," and noting that Stauffer "may be appealed beyond the Federal Circuit to the Supreme Court, leaving a final decision on the constitutional issue in *Stauffer* years in the future."). Accordingly, this Court should deny Defendant's Motion.

### D.   Plaintiffs Have Stated A Claim For Which Relief Can Be Granted

Defendant argues that Plaintiffs have not met the Rule 12(b) (6) standard for stating a claim for which relief can be granted. In its Motion, Defendant argues that it has not falsely marked its products, because the patents at issue, expired or not, apply to the Frisbee® Flying Disc. Defendant's argument is not supported by the relevant case law. In <u>Pequignot v. Solo Cup Co.</u>, the Federal Circuit, affirming the lower court's decision, held that, "articles marked with expired patent numbers are falsely marked." 2010 U.S. App. LEXIS at 15. In this case, Plaintiffs

have alleged that Defendant has marked its products with expired patents. Complaint, ¶¶ 9, 12, and 13. As such, Plaintiffs have sufficiently state a claim for the Defendant's false marking of its product, and the Defendant's Motion to Dismiss for failure to satisfy the requirements of FRCP 12(b)(6) should be denied.

### E. Plaintiffs Have Sufficiently Pled Defendant's Intent To Deceive

#### 1. Plaintiffs Are Not Required To Plead Intent To Deceive With Particularity

Finally, Defendant argues that Plaintiffs' Complaint does not meet the pleading requirements of FRCP 8 or 9(b). Defendant argues that Plaintiffs must allege the intent to deceive element of Plaintiffs' false marking claim with particularity as required by FRCP 9(b). In support of its argument, Defendant relies on United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co., 2000 WL 1207162 (E.D. Pa. 2000) and Brinkmeier v. Graco Children's Products, Inc., 684 F. Supp. 2d 548 (D. Del. 2010). There are conflicting views on whether or not a false marking claim is subject to FRCP 9(b). See e.g., Third Party Verification. Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (holding that Rule 9's level of pleading is not required for false-marking claims); Song v. PIL, LLC, 2010 U.S. Dist. LEXIS 38874 (N.D. Ill. Apr. 14, 2010) (noting "courts are split on whether claims under Section 292 are subject to the heightened-pleading requirements of FRCP 9(b)").

Moreover, even assuming that Plaintiffs are required to pled with more particularity as noted by the Third Circuit in U.S. ex rel. Schmidt v. Zimmer, Inc., 386 F.3d 235 (3d Cir. 2004), which Plaintiffs deny, Defendant's suggestion that Plaintiffs fail to plead with the requisite specificity lacks merit even under that case. In Schmidt, the Third Circuit approvingly noted "that the District Court held that (plaintiff's) first amended complaint did not satisfy Rule 9(b) with respect to the FCA claim against (one of the defendants), but nonetheless expressed its

belief that **the defects as to particularity could be cured easily by amending the complaint to specify the precise cost reports that were alleged to be false.**" 386 F.3d at 242 n.9 (emphasis added). Thus, if this same standard were to apply to false marking claims, allegations identifying the precise patent, the products at issue, and the party responsible, as has been made in the present case, would be sufficient to satisfy FRCP 9(b). See Astec Am. Inc. v. Power-One. Inc., 2008 U.S. Dist. LEXIS 30365 (E.D. Tex. Apr. 11, 2008) (denying motion for summary judgment and stating even "assuming that a false marking claim must be pled with particularity, (defendant) seeks identification of who falsely marked the products with deceptive intent. (Plaintiff) has identified in its Complaint that (defendant) is the corporate entity responsible for (plaintiff's) false marking claim. Greater specificity is not necessary at this early stage of the proceedings.").

As noted by the Federal Circuit, when establishing intent to deceive the public "(a) party asserting false marking must show by a **preponderance of the evidence** that the accused party did not have a reasonable belief that the articles were properly marked." Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005). (emphasis added). Evidence that has been deemed relevant to the issue of the defendant's requisite intent, in most cases, comes directly from the defendant or its agents. See DP Wagner Mfg. v. Pro Patch Sys., 434 F. Supp. 2d 445, 456-58 (S.D. Tex. 2006) (proffering the deposition testimony of the defendant's President in support of its motion for summary judgment on its false marking claim.); Smith Welding Equip. Corp. v. Pearl, 21 F.R.D. 196, 197 (proffering affidavits indicating that it used the word 'patented' in connection with advertising in good faith in support of its motion to dismiss defendant's false marking counterclaim).

Given the nature of a false marking claim and Plaintiffs' lack of access to the required information, greater particularity should not be required at this stage of the proceedings.[5] For the foregoing reasons, Defendant's Motion to Dismiss for failure to plead with particularity should be denied.

### 2. **Plaintiffs' Complaint Is Sufficient To Satisfy The Standards Set Forth In Federal Rule of Civil Procedure 8(a)**

Defendant argues that Plaintiffs' Complaint is insufficient under FRCP 8 and fails to state a cognizable claim. The purpose of FRCP 8, however, is to put Defendant on notice of Plaintiffs' claim. Such notice has been provided, and Defendant's argument lacks merit. More directly, Plaintiffs' allegations are more than sufficient to fulfill Rule 8's purpose. Thus, the only remaining issue is whether or not Plaintiffs adequately pled Defendant's intent to deceive. To adequately plead intent to deceive, Plaintiffs are only required to allege the existence of a misrepresentation by Defendant coupled with evidence that Defendant made the misrepresentation with knowledge of its falsity. Such allegations are "enough to warrant drawing the inference that there was fraudulent intent." Clontech Labs. Inc., 406 F.3d at 1352; see also Channel Master Corp. v. JFD Elec. Corp., 260 F. Supp. 568, 573 (E.D.N.Y. 1966) ("Plaintiff alleges that the mismarking were knowingly made by the defendant with intent to mislead and deceive the public. The Complaint therefore sets forth a good cause of action."). There can be no dispute that Plaintiffs have properly alleged these facts. First, Plaintiffs allege "the fact of misrepresentation" by identifying the Frisbee® Flying Disc marked with U.S. Patent

---

[5] Defendant cites the District Court's opinion in Pequignot for the proposition that summary judgment is appropriate where intent to deceive is not pled with particularity. In that case, however, summary judgment was not granted until **after** defendant Solo Cup had provided evidence that it had acted in good faith reliance on the advice of counsel that it need not remove the expired patent number from its product. Here, T.F.H. has provided no evidence that it employed good faith, or that it did not intend to deceive. "The mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability." Clontech Labs., Inc., 406 F. 3d at 1352.

Nos. 4,919,083 ("the '083 patent") and D310,691 ("the '691 patent") being sold by Defendant still bearing the expired patents. Complaint ¶¶ 12-14. Second, Plaintiffs allege that Defendant's misrepresentations "imply[ed] that the item was patented" and that Defendant did so "for the purpose of deceiving the public." Complaint ¶¶ 17, 20. Defendant's false markings, coupled with its repeated sale and advertisement of the Frisbee® Flying Disc, after the expiration of the '083 and '691 patents,[6] are, "enough to warrant drawing the inference that there was fraudulent intent" under the false marking statute." Clontech, 406 F.3d at 1352. Accordingly, Defendant's Motion to Dismiss for failure to plead with requisite particularity should be denied.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that Defendant's motion be denied in its entirety.

Respectfully submitted,

*s/David G. Oberdick*
David G. Oberdick, Esquire
Pa. I.D. No. 47648
Email:  dgo@muslaw.com

Tony J. Thompson, Esquire
Pa. I.D. No. 204609
Email:  tjt@muslaw.com

Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA  15222
(412) 456-2800

**Attorneys for Plaintiffs**

Dated: July 1, 2010

---

[6] See e.g., DP Wagner Mfg. v. Pro Patch Svs., 434 F. Supp. 2d 445, 452 n.3 (S.D. Tex. 2006) ("The patent marking statute (35 U.S.C. Section 287) requires marking only with the patent number. Because the issue date is not given, the expiration date cannot readily be determined. Therefore, a strong case can be made for finding culpable mismarking when a person intentionally continues to mark articles with the number of an expired patent.") quoting Chisum on Patents, § 20.03[7][c][vii], at 20-657.