**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| ex rel., and **FLFMC, LLC.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 2:10cv437 |
| | ) | **Electronic Filing** |
| **T.F.H. PUBLICATIONS, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |


<u>**MEMORANDUM OPINION**</u>

October 20, 2010

**I.     INTRODUCTION**

Plaintiff, FLFMC, LLC ("Plaintiff" or "FLFMC"), brought this *qui tam* action on behalf

of the United States of America against T.F.H. Publications, Inc. ("TFH") pursuant to 35 U.S.C.

§ 292, the false marking statute, alleging TFH is marking certain of its products with expired

patents.  TFH has filed a Motion to Transfer Venue to the District of New Jersey or, in the

alternative to Dismiss.  FLFMC has responded and the motion is now before the Court.


**II.     STATEMENT OF THE CASE**

A.     <u>The Parties</u>

FLFMC is a Pennsylvania LLC with its principal place of business in Pennsylvania.

Complaint ¶ 1.   The limited liability company was formed on January 29, 2010.  Declaration of

Russell Burnside ("Burnside Decl."), Exhibit E.  The company was organized by Joshua M.

Farber, Esq., an associate at Meyer, Unkovic & Scott, and his address is listed as "c/o Meyer,

Unkovic & Scott, LLP." *Id.* Between February 17, 2010, and April 1, 2010, FLFMC filed seven (7) complaints in the United States District Court for the Western District of Pennsylvania, virtually identical in their wording, each asserting a claim for false marking in violation of 35 U.S.C. § 292. Burnside Decl., Ex. A, H – N.

TFH is a Delaware Corporation with its principal place of business at 1 T.F.H Plaza, Third Avenue and Union Street, Neptune City, New Jersey 07753. Complaint ¶ 2. TFH, founded over fifty (50) years ago, manufactures and sells a broad array of pet products, is the world's largest publisher of books devoted to pets and animals, and is a leading publisher of pet magazines. Declaration of Mark E. Johnson ("Johnson Decl.") ¶¶ 2 & 5. All TFH's manufacturing, including the marking and production of the Frisbee® Flying Disc at issue in this case, takes place in New Jersey. Johnson Decl. ¶¶ 11 & 16.

B.     The Claim

In its Complaint, FLFMC alleges that TFH marked the Frisbee® Flying Disc with the United States patent No. D310,691 (the "691 patent") and that TFH marked some versions of the same product with Patent No. 4,919,083 (the "083 patent"). Complaint ¶¶ 13 & 14. FLFMC further asserts that the 691 patent was issued in 1990 and expired on September 18, 2004, and that the 083 patent was issued on April 24, 1990 and expired on July 11, 2008. Complaint ¶¶ 8 & 11. FLFMC contends that TFH violated § 292 when it continued to include expired patent information, regarding the 691 and 083 patents, on its Frisbee® Flying Discs. Complaint ¶¶ 16 & 19.

Section 292, prohibits a person from marking an "unpatented article" with the word "patent" or  any words "importing that the same is patented, for the purpose of deceiving the public." 35 U.S.C. § 292(a). The statute provides for a fine of "$500 for every such offense." *Id.*

It further provides that "any person" may sue for damages, and if damages are imposed under the statute, "the person suing" is to receive one-half of the statutory penalty and the United States is to receive the other half. 35 U.S.C. § 292(b). Because the documents and witnesses related to the subject matter of this action are located in New Jersey, TFH seeks to transfer venue of the action to the District of New Jersey. For the reasons that follow, the Court agrees that New Jersey is the proper forum for this *qui tam* action.

## III.   DISCUSSION

Change of venue in patent cases, like other civil cases, is governed by 28 U.S.C. § 1404(a)[1]. *In re TS Tech United States Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to grant a motion for a transfer of venue lies within the discretion of the district court, but "the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *see also Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (reminding that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request"). The defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district. *Jumara v. State Farm Ins. Co*, 55 F.3d at 879.

---

[1]   Although this case falls under the appellate jurisdiction of the Federal Circuit, 28 U.S.C. § 1295(a)(1), the Court applies Third Circuit precedent to TFH's' motion to transfer venue because the motion  does not address a substantive issue of patent law. *Teva Pharm. Indus. Ltd. v. Astrazeneca Pharms. LP*, 2009 U.S. Dist. LEXIS 75257 *10 n.10(E.D. Pa. Aug. 24, 2009)(citing  *In re: TS Tech USA Corp*., 551 F.3d at 1318-19).

Aside from the three factors enumerated in § 1404(a), convenience of the parties, convenience of the witnesses and interests of justice, the Third Circuit has set forth several public and private factors for district courts to consider when determining whether to grant a motion for a transfer of venue. *Id.* The private interests include: the parties' choice of forum; where the claim arose; the unavailability of witnesses for trial; and the location of the books and records. *Id.*; *see also* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §§ 3848-3853. The public interests include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and judicial familiarity with the applicable state law in diversity cases. *Id.* at 879-880; 15 WRIGHT, MILLER, COOPER § 3854.

A.     Private Factors

The only factor that appears to favor FLFMC in this instance is its choice of forum in this District. Plaintiff's choice is given less weight when few of the operative facts occurred in the chosen forum, and the defendant has indicated strong preference for another district. *Gallant v. Trustees of Columbia Univ.*, 111 F. Supp. 2d 638, 647 (E.D. Pa. 2000).

In *qui tam* actions, however, the United States is the real party in interest. *United States v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46, 50 (4th Cir. 1992); *see also United States ex rel. Hall v. Tribal Dev. Corp.*, 49 F.3d 1208, 1212 (7th Cir. 1995) (stating that the United States is real plaintiff in *qui tam* action). Because the United States is the real plaintiff in *qui tam* actions, courts have found that the relator's choice of forum is entitled to relatively little weight. *United States ex rel. Penizotto v. Bates East Corp.*, 1996 U.S. Dist. LEXIS 10316

(E.D. Pa. July 18, 1996); *United States ex rel. La Valley v. First Nat'l Bank*, 625 F. Supp. 591, 594 (D.N.H. 1985)( In a *qui tam* action, "the plaintiffs' choice of forum should be given relatively little weight."). *See also United States ex rel. Roop v. Arkray USA, Inc.*, 2007 U.S. Dist. LEXIS 19325 (N.D. Miss. Mar. 19, 2007)( plaintiff's choice of forum is entitled to considerably less deference in *qui tam* cases.); *U.S., ex rel. Adrian v. Regents of the Univ. of California*, 2002 U.S. Dist. LEXIS 3321, 2002 WL 334915, *4 (N.D. Cal. Feb. 25, 2002("a plaintiff's choice of forum is not given substantial weight when the plaintiff is a *qui tam* relator, asserting the rights of the United States government."); *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 2002 U.S. Dist. LEXIS 26846 (S.D. Tex. June 19, 2002)(Plaintiff's choice of forum in *qui tam* action "is not dispositive.").

FLFMC urges this Court to follow *United States ex rel. FLFMC, LLC v. Ace Hardware Corp.*, 2010 U.S. Dist. LEXIS 45453 (W.D. Pa. May 7, 2010), in which the Court gave deference to FLFMC's choice of forum in a similar *qui tam* action and denied a motion to transfer. Additionally, the Court in *Ace Hardware* found:

> The Court considers the comparison of private interests to be a "wash," *i.e.*, the respective conveniences and benefits of a lawsuit in the Western District of Pennsylvania or the Northern District of Illinois do not favor one party over the other. The primary inconvenience of which Ace complains concerns the perceived inconvenience to a non-party, Newell Rubbermaid, Inc., the entity that, according to Ace, actually "marks" the accused products with the expired patent number. Newell is a defendant in a federal action in the Northern District of Illinois involving the same products and alleged false marking. Ace has not offered any good reasons to counter the usual judicial deference to a plaintiff's choice of forum.

Id. at *3 -*4. This Court, however, finds the analysis of the Court *in United States ex rel. FLFMC, LLC v. Ohio Art Co.*, 2010 U.S. Dist. LEXIS 77508 (W.D. Pa. July 30, 2010) to be

more compelling[2].  There the Court gave little deference to FLFMC's choice of forum and found

that Ohio was the more appropriate forum as the action was filed by "a recently-formed

Pennsylvania litigation entity (a) against a long-established manufacturing business which has its

principal place of business in Ohio, has all corporate employees located in Ohio, makes all

relevant business decisions and forms manufacturing and other contracts in Ohio, and generates,

compiles and maintains all corporate records in Ohio; and (b) premised on alleged violations

under Federal law." Id. at *5.  This Court agrees that FLFMC's choice of forum in this action is

entitled to very little weight in analyzing the merits of a transfer of venue to the District of New

Jersey.

    The convenience of the parties also favors TFH.  Litigating this matter in Pennsylvania

would be inconvenient to the officers, employees and non-employee witnesses who may be

called to testify, and the absence of such officers and employees would be very disruptive to

TFH's business operations.  FLFMC manufactures and produces nothing.  It is in the business of

litigation, therefore, requiring FLFMC to pursue this action in New Jersey would have little, if

any, disruptive effect on its business.  The Court rejects FLFMC's contention that TFH's

physical and financial condition dictates that it must bear the burden of traveling to a foreign

jurisdiction to defend this lawsuit.  As set forth above, FLFMC exists for the sole purpose of

capitalizing on the holding *of Forest Group v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009),

which changed the manner in which damages were calculated against a company with a mass

produced product containing an alleged false marking.  Any discrepancy with regard to relative

size and financial condition, therefore, is of no moment.

---

[2]    The Court in *Ohio Art* distinguished *Ace Hardware* on both its face and its litigation history, noting that  Ace's inconvenience was primarily that of a non-party, and Ace neglected to raise a legally supported contention that Plaintiffs choice of forum should be given no or lesser deference in a *qui tam* case.  *See Ohio Art* at *5-*6 n. 6.

Further, TFH's business records are located in New Jersey. The marking, production and packaging of the Frisbee® Flying Disc take place in New Jersey. Moreover, persons with knowledge of the business records, the marking, production, marketing and distribution of the Frisbee® Flying Disc, including any evidence of an intent to deceive, are located in New Jersey.

Based on the above, the Court finds that the private factors weigh in favor of transfer to New Jersey.

B.    Public Factors

The Court finds that both Pennsylvania and New Jersey have an interest in protecting its citizens from any harm resulting from the false marking of merchandise. New Jersey has an additional interest in ensuring that companies within its jurisdiction are complying with federal law. The remaining public considerations, including the enforceability of judgments court congestion, preferences of local policy, and familiarity with applicable law do not weigh in favor of either party. Because the private factors favor transfer, the Court agrees that New Jersey is the more appropriate forum, and this action shall be transferred forthwith.


IV.    **CONCLUSION**

Based on the foregoing, the Court finds that TFH has met its burden of proving that venue is proper in New Jersey and that convenience and justice would be served by transferring the action. TFH's motion to transfer venue to the District of New Jersey shall be granted. Because transfer of this action is clearly appropriate, the Court finds no need to reach the substantive issues regarding dismissal. An appropriate Order shall follow.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    David G. Oberdick, Esquire

Tony J. Thompson, Esquire
Russell S. Burnside, Esquire